·REINHARD KOCHMANN, Appellant, *v.* HATTIE BAUMEISTER,
Respondent.

*Contract for the services of a traveling salesman — provision as to the period of travel.*

A contract for the employment of a traveling salesman for the term of one year,
made by a manufacturer of pianos in the city of New York, provided that the
salesman should "*travel* in her interests *at such times* and in such places·as she
may direct," and that he should receive five dollars for every piano he sold and
also seven dollars a day for every day "actually employed" by him under her
directions and for her interests without the city of New York and vicinity. It
contained a further provision that the salesman "will travel continuously or
otherwise at the option of the party of the first part hereto (the manufacturer)
and in her interests for a period which shall not be more than eight months, if
to the party of the first part this shall be deemed necessary during the period
of this agreement."

*Held*, that the salesman was entitled to travel outside the city of New York for
a period of eight months and that the option given to the employer merely
conferred on her the right to insist that he should not travel outside the city of
New York for a longer period, but did not empower her to shorten such period,

VAN BRUNT, P. J., and RUMSEY, J., dissented.

APPEAL by the plaintiff, Reinhard Kochmann, from a judgment
of the Supreme Court in favor of the defendant, entered in the
office of the clerk of the county of New York on the 14th day of
November, 1899, upon the dismissal of the complaint by direction
of the court, after a trial before the court and a jury at the New
York Trial Term.

*Sol. Kohn*, for the appellant.

*John J. O'Connell*, for the respondent.

BARRETT, J.:

The ground of the dismissal was that the complaint did not state
facts sufficient to constitute a cause of action. The complaint averred
the breach of a contract, whereby the defendant agreed to employ
the plaintiff as a traveling salesman from the 1st day of January to
the 31st day of December, 1897. The defendant was a manufacturer
of pianos, and the contract recited that the plaintiff was a capable
and efficient traveling salesman of these instruments. He was to
travel in the defendant's interests at such times and in such places
as she might direct, and she was to pay him five dollars for every
piano he sold, and also seven dollars a day for every day "actually

employed " by him under her directions and for her interests without the city or New York and vicinity. Thus, he was to have the five dollars for every piano sold whether within or without the city of New York, but the seven dollars a day only while traveling without the city. The question in dispute is, for what part of the year was he entitled to travel outside the city of New York and vicinity? That question arises mainly under the following clause in the contract:

" The party of the second part further agrees that he will travel continuously or otherwise at the option of the party of the first part hereto and in her interests for a period which shall not be more than eight months, if to the party of the first part this shall be deemed necessary during the period of this agreement, and that he will devote his whole time and attention during the term of this contract exclusively to furthering the interests of the party of the first part and in obtaining customers for the goods, wares and merchandise manufactured by her and in disposing of the same."

The defendant claims that the option given her in this clause was absolute, and that under it she could insist upon the plaintiff's traveling for a period of eight months, while he could not insist upon traveling for any part of the eight months. She points, in aid of this construction, to the previous provision, whereby the plaintiff agrees to " *travel* in her interests *at such times* and in such places as she may direct." The plaintiff, upon the other hand, claims that the essential purpose of the contract was his employment as a traveling salesman for the specified term of one year; and that the clause which we have quoted was intended to operate as an optional limitation upon his traveling for that entire term. Thus — according to his contention — the option given to the plaintiff was to permit her to reduce his traveling term to eight months if she deemed the latter period sufficient for her business purposes; and/ that subject to that limitation he was to travel at such times within the year and in such places as she might direct. In other words, that she might utilize his services outside the city as she saw fit, so long as she permitted him to travel for at least eight months during the prescribed term.

We think the plaintiff's view is correct, and that it is the only reasonable construction which can be given to the contract. The

service of the plaintiff in the city of New York and its vicinity was but a minor incident of the employment. When not traveling he was to employ his time as a salesman in the city of New York and its vicinity. It is idle to talk of his "traveling" *in* the city of New York and its vicinity. The parties contemplated traveling in the ordinary sense, not moving about from street to street, or house to house, in the city or its suburbs. What the defendant wanted, according to the recital of the contract, and what she bargained for, were "the services of a capable and efficient traveling salesman." That object runs through the entire instrument. She agrees to engage the plaintiff to *travel* exclusively for the purpose of selling pianos manufactured by her. He agrees "to travel in her interests;" and again to "travel continuously or otherwise" at her option. If the contract should be construed as the defendant claims, it would be purely unilateral so far as its real purpose is concerned. She could limit his traveling to a single day, and thus treat the contract as essentially for the plaintiff's services in the city of New York and vicinity, with as much or as little traveling thrown in as she pleased. This is contrary to both the letter and spirit of the contract. The fair construction of the clause in question, read in connection with the context and as part of the entire instrument, is that the defendant can require the plaintiff to travel at such times as she pleases — continuously or otherwise — and that she need not thus utilize his services for more in the aggregate than eight months out of the twelve. As it was alleged that the defendant refused to allow the plaintiff to travel for more than three months out of the twelve, we think the nonsuit was erroneous.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

O'Brien and Ingraham, JJ., concurred; Van Brunt, P. J., and Rumsey, J., dissented.

Rumsey, J. (dissenting):

I cannot concur with the majority of the court in this case. The contract is to be considered with reference to everthing that is in it, and the question is upon the whole paper whether it was imperative upon the defendant to permit the plaintiff to travel out of the city of New York for the time of his employment whether her

interests required it or not.   A very slight examination of the contract is sufficient, I think, to show that not only is no such conclusion permissible but that it would result in great hardship to the defendant.

The contract begins with the recital that the defendant conducts business as a manufacturer and dealer in pianos in the city of New York and elsewhere, and is desirous of securing the services of a capable and efficient traveling salesman for the purpose of disposing of such pianos and of representing her generally.   It is fairly and almost necessarily to be inferred from this provision of the contract that the business for which the plaintiff was hired was to sell pianos for the defendant in such places as her business required and those places were the city of New York and elsewhere.   It does not appear how large a proportion of the defendant's sales took place in the city of New York.   It is sufficient to say in that regard that her pianos were sold in that city as well as elsewhere.

The contract continues with a recital that the party of the second part (the plaintiff) is a capable and efficient traveling salesman and desires to engage himself to travel in the interests of the party of the first part and to sell the pianos of the party of the first part exclusively.   Then follows the contract between the parties.   It is to be noticed that the plaintiff proposes not only to travel in the interest of the defendant but to sell her pianos exclusively.   The pianos are to be sold in the places in which her business is carried on, and that is in the city of New York as well as without the city. Following these recitals the agreement is that the party of the first part agrees to engage the plaintiff to travel exclusively for the purpose of selling goods, wares and merchandise manufactured by the party of the first part, such engagement to commence on the 1st day of January, 1897, and to terminate on the 31st day of December, 1897.   The plaintiff agrees to enter the employment of defendant "to sell the goods, wares and merchandise of the party of the first part."   The sale of defendant's pianos is the principal thing.   Plaintiff is employed for that purpose for the whole year, and in addition he is "to travel in her interests at such times and in such places as she may direct."   Bearing in mind the fact that the business of the defendant was carried on in the city of New York as well as outside the city, and that the plaintiff was employed to sell pianos, it is quite evident that the provision as to the times when and the places where

he was to travel, was an important part of the contract. Those times were entirely within the control of the defendant, who was at liberty to require the plaintiff to spend his time selling goods for her in the city of New York if she saw fit to do so, or to require him to travel at such times as her business interests required, and to such places as seemed to her best. Unless the contract has that construction, the authority to the defendant to determine when and where the plaintiff was to travel is of no weight whatever. Bearing in mind that the term of the plaintiff's employment was for one year, the provision in the contract that he was to travel continuously or otherwise at the option of the defendant and in her interests for a period which should not be more than eight months, if to the defendant that should be deemed necessary, followed by the further agreement that he was to devote his whole time and attention during the continuance of the contract exclusively to her interests, shows very clearly to my mind that the matter of travel was one wholly and solely within the discretion of the defendant within the limit of eight months. He was to travel continuously or otherwise, at the option of the defendant, but such traveling was not to be more than eight months if she thought that time of travel was necessary. Clearly, the term of eight months was a limitation upon her right to call upon him to travel. She was not compelled to have him travel during all that time but only during so much of it as she deemed necessary, but when he had traveled for eight months he was at liberty to say that, as to traveling, his part of the contract was performed. But, in spite of that, he agreed that he would devote his whole time during the continuance of the contract to selling her goods. Where was that to be done? Clearly within the city of New York and its vicinity. Who was to decide how much traveling the interests of the defendant required? Clearly, she, because it was at her option. It might well be that nine-tenths of her business was the sale of pianos in the city of New York, and if that were so she undoubtedly would have the right to require the plaintiff not only to sell pianos in the city of New York during the four months when he could not be compelled to travel, when he was still bound to sell her goods, but also at such other times as she might direct, because that was the terms of the contract.

The contract further provides that the defendant will pay to the

plaintiff the sum of seven dollars per day during each and every day actually employed by the party of the second part "without the city of New York and vicinity." It is almost necessarily to be inferred from that provision that it was anticipated between the parties that there should be certain periods of time during which the plaintiff would be in the city of New York, and that while he was in New York and its vicinity no such sum should be paid to him. The essential fact upon which the construction of the contract turns, is, in my judgment, that the defendant was engaged in the manufacture and sale of pianos in the city of New York as well as elsewhere, and that the plaintiff was engaged to sell pianos for the defendant at such times and in such places as she should prescribe. Holding fast to that essential idea, it necessarily follows that the plaintiff was bound to sell pianos for the defendant in the city of New York so much of the time as she required, and was bound to travel in such parts of the country and at such times as her interests required. This traveling he was bound to do if required for eight months in the year, but whether she should so call upon him to so travel was at her option and not his.

This construction works no hardship on the plaintiff. The pianos were to be sold wherever the business of the defendant extended and wherever people bought them, and that was just as much in the city of New York as outside the city. It seems to me, therefore, that the construction put upon this contract by the learned trial justice was correct, and that the plaintiff was not in a situation to claim that the defendant was required to keep him on the road for eight months or for any other time, and if she in good faith required him to travel as long as her interests demanded, she performed the contract on her part. During all that time he was to sell pianos for her and he was to do that for the whole year 1897. The defendant was bound to employ him in that business for that time, and the only discretion left her was to say what portion of that time not over eight months she deemed it for her interest to have him travel outside the city of New York.

VAN BRUNT, P. J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.